## THE NO. 6.

## THE NO. 7.

### (Circuit Court of Appeals, Second Circuit. March 18, 1902.)

#### Nos. 55, 56.

MARITIME LIEN—REPAIRS.

> Where libelant was asked by the captain of certain scows of which he was in charge to repair the same, and the repairs were necessary, and were made in a foreign port at the direction of such captain, who was without funds of the owner, the libelant is entitled to a lien therefor on the scows, which were the only means of credit for the bills incurred.

Appeals from the District Court of the United States for the District of Connecticut.

This cause comes here upon appeals from decrees of the district court for the district of Connecticut in favor of libelants, to sustain a lien against proceeds of the vessels for certain repairs.

Le Roy S. Gove, for appellant.

Henry A. Hull, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The Providence Dry Dock & Marine Railway, libelant, a corporation, in the city of Providence, furnished in June, 1899, indispensable repairs to the scows No. 6 and No. 7 to the amount of about $1,000. The scows had no indiciæ of ownership upon them, and were without record of temporary title, and Providence was not their home port. One Capt. Ferret was in possession and charge of the scows when they were taken to the shop of the libelant. He ordered the repairs, and oversaw and directed them. At this time the libelant was repairing the scows of the Kershaw plant,—a plant which was not owned by Brainard, who was the apparent owner of the scows, but which he seems to have been using. The libelant at first thought that scows 6 and 7 belonged to this plant, and charged the repairs accordingly, but discovered the mistake, and subsequently kept the accounts with the scows 6 and 7; each scow being charged for its own repairs. During the repairs, Ferret had entire control of the scows. The repairs were made by his direction, who was acting as their captain, and who was directing the repairs in the interest of the company. Brainard was without credit. These repairs were necessary, were made in a foreign port at the direction of the acting captain, who was without funds of the owner, and were made upon the credit of the scows, which were the only means of credit for the bills which were incurred. The Grapeshot, 9 Wall. 129, 19 L. Ed. 651.

The decrees are affirmed, with interest and costs.